IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY ALLEN, SR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-2128-M |
| | § | |
| U.S. DEPARTMENT OF EDUCATION | § | |
| DEFAULT RESOLUTION GROUP, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Charles Anthony Allen, Sr., a Texas prisoner, against the United States Department of Education Default Resolution Group and two of its employees. On December 1, 2008, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court then sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on January 9, 2009. The court now determines that this case should be summarily dismissed.

-1-

II.

In early 1999, plaintiff learned that the United States Department of Education ("DOE") had offset his 1998 federal income tax refund in partial repayment of a debt owed on several delinquent student loans. More than eight years later, in 2007, plaintiff notified the DOE that the student loan documents were forged and demanded the return of the offset refund payments. When the DOE rejected his demand, plaintiff filed this action in federal district court. Although his complaint and interrogatory answers are difficult to decipher, plaintiff appears to allege that: (1) the DOE wrongfully garnished his tax refund payments, which resulted in the loss of his vehicle and prevented him from paying other debts; and (2) the DOE failed to adequately investigate whether the loan documents were forged. By this suit, plaintiff seeks $12,510 in damages and other unspecified relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim on which relief may be granted; or

    (3)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the

plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1231 (2008).

B.

To the extent plaintiff attempts to sue the United States of America or its agency, the DOE,[1] under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, his claims are barred by limitations. Under the FTCA:

> [E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

28 U.S.C. § 2401(a). Plaintiff admits that he first contacted the DOE in early 1999 about the offset of his federal income tax refund to pay a student loan debt. (*See* Mag. J. Interrog. #1, Exh. B & Interrog. #2). Another tax refund allegedly owed to plaintiff was "garnished" by the government sometime in 2001. (*See* Mag. J. Interrog. #2). Yet plaintiff did not file this lawsuit until December 1, 2008--more than *nine years* after his initial contact with the DOE and more than *seven years* after the most recent garnishment. That plaintiff has been incarcerated for some or all of this time does not constitute a "legal disability" that tolls the statute of limitations. *See Leach v. United States*, No.

---

[1] A suit under the FTCA must be brought against the United States as the sole defendant. *See McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998).

01-178-C, 2002 WL 32122098 at *5 (Fed. Cl. Sept. 17, 2002), aff'd, 70 Fed.Appx. 566 (Fed. Cir.), cert. denied, 124 S.Ct. 832 (2003), citing *Pottawatomi Nation in Canada v. United States*, 27 Fed. Cl. 388, 391 (1992) (defining "legal disability" as one rendering a person incapable of filing a lawsuit on his own behalf).

C.

Nor has plaintiff stated a *Bivens* claim against E. Chen and Diane Spadoni, the two DOE employees named in his complaint and interrogatory answers.[2] "*Bivens* provides a cause of action against federal agents only in their individual capacities and requires a showing of personal involvement." *Guerrero-Aguilar v. Ruano*, 118 Fed. Appx. 832, 833, 2004 WL 2980174 at *1 (5th Cir. Dec. 17, 2004) (citing cases). In order to maintain a cause of action against Chen and Spadoni, plaintiff must allege facts which, if proved, show that these defendants were personally involved in the intentional deprivation of a constitutional right. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396-97, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971); *Sterling v. United States*, 85 F.3d 1225, 1227 (7th Cir. 1996) (*Bivens* limits recovery to intentional deprivations of constitutional rights).

In his interrogatory answers, plaintiff alleges that Chen "determined that my handwriting was the handwriting on the promissary [sic] notes." (*See* Mag. J. Interrog. #4). However, plaintiff does not identify the constitutional right at issue, much less allege facts showing that Chen acted intentionally or with some improper motive. *See Grainger v. Federal Bureau of Prisons*, No. C-08-

---

[2] The only other defendant in this case, the DOE Default Resolution Group, is not a proper party to a *Bivens* action. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 485, 114 S.Ct. 996, 1005, 127 L.Ed.2d 308 (1994) ("If we were to imply a damages action directly against federal agencies, thereby permitting claimants to bypass qualified immunity, there would be no reason for aggrieved parties to bring damages actions against individual officers . . . [and] the deterrent effects of the *Bivens* remedy would be lost.").

387, 2009 WL 47127 at *5 (S.D. Tex. Jan. 6, 2009) (citing cases) (dismissing *Bivens* claim where plaintiff did not allege malice or other motive to suggest that defendant intentionally violated his constitutional rights).

When asked to explain how Spadoni was personally involved in the deprivation of his civil rights, plaintiff responded that she "was the caretaker of the papers involved in this dispute, and is the Director of the U.S. Dep't Education Default Resolution Group and therefore was the decision maker in the resolution or resolving this matter." (Mag. J. Interrog. #4). Plaintiff also attaches a letter signed by Spadoni, wherein she states:

> You object to the offset of your federal income tax refund in partial repayment of [your student loan] debt. Administrative offset is authorized by the Debt Collection Act of 1982 and the Debt Collection Improvement Act of 1996. Any account with the [DOE] that has a balance and is not in repayment is eligible for referral to the U.S. Department of the Treasury's Financial Management Service for offset.
>
> Our records indicate that we sent you a notice on August 11, 1998. This notice stated in part that if we did not receive payments, we would refer your account for offset 65 days after the date of the notice. Because we did not receive any payments, your account was referred for offset. The funds that have been offset will not be returned to you. Your account will be removed from the offset process when this debt is satisfied.

(*Id.* & Exh. A). Nothing in this letter establishes that Spadoni was personally involved in the decision to offset plaintiff's federal income tax refund to pay his delinquent student loans. Rather, the letter refers to decisions made by the DOE, not by Spadoni, who supervises the Federal Student Aid ("FSA") Customer Care Group. Spadoni merely answered plaintiff's inquiry about the offsets. *See Walker v. F.B.I.*, No. 3-08-CV-0936-D, 2008 WL 4330962 at *2 (N.D. Tex. Sept. 22, 2008) (supervisory official was not personally involved in alleged constitutional deprivation by responding

to letter written by prisoner); *Wallace v. Dretke*, No. 1-04-CV-195-C, 2004 WL 1932862 at *3 (N.D. Tex. Aug. 27, 2004), *appeal dism'd*, No. 05-10444 (5th Cir. May 11, 2005) (same); *Thompson v. Basse*, No. 2-03-CV-0312-J, 2005 WL 524966 at *8 (N.D. Tex. Mar. 3, 2005), *rec. adopted*, 2005 WL 623283 (N.D. Tex. Mar. 17, 2005), *aff'd*, 202 Fed.Appx. 654, 2006 WL 2853593 (5th Cir. Oct. 5, 2006) (same). Nor has plaintiff alleged any facts to suggest that Spadoni was personally involved in investigating the authenticity of the student loan documents. Because plaintiff has failed to show personal involvement on the part of Chen or Spadoni, his *Bivens* claims against these defendants should be dismissed.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 23, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE